UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TAMMY KOCIENDA, | : | 3:07CV954 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U-HAUL INTERNATIONAL, INC. | : | |
| and U-HAUL CO. OF CONNECTICUT, | : | |
| Defendant. | : | |

## **RULING ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff Tammy Kocienda, on behalf of herself and similarly situated class members, filed this class action in the Superior Court of the State of Connecticut, Judicial District of Hartford, against defendants U-Haul International and U-Haul of Connecticut. Plaintiff alleges breach of contract and violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

Defendants removed this case to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), which provides for federal jurisdiction over class actions with more than 100 class members, minimal diversity and an amount in controversy over $5 million. Plaintiff now moves to remand this action to state superior court because the amount in controversy does not meet the threshold requisite of more than $5 million.

## DISCUSSION

On a motion to remand, the court construes all factual allegations in favor of the party seeking the remand. Metropolitan Property & Casualty Ins. Co. v. J.C. Penney

Casualty Ins. Co., 780 F.Supp. 885, 887 (D.Conn. 1991). It is well settled that defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction by showing that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $5 million. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006). The Court must evaluate the amount in controversy on the basis of the pleadings viewed at the time of the filing of the notice of removal. Vera v. Saks & Co., 335 F.3d 109, 116 n. 2 (2d Cir. 2003).

In the present case, the plaintiff seeks compensatory and punitive damages for breach of contract and violation of CUTPA based on defendants' practice of charging a $50 cancellation fee. Plaintiffs assert that defendants have provided no proof that the claim in controversy exceeds $5 million.

Defendants maintain that the threshold amount in controversy is met based on compensatory and punitive damages for a world-wide class. Defendants set forth that U-Haul has an annual average of approximately 8,034,810 rentals and a 21% cancellation rate. Even if not every individual has been charged a $50 cancellation fee, it is a reasonable probability that the compensatory and punitive damages pursuant to CUTPA would meet the threshold amount in controversy. Where a plaintiff seeks punitive damages, such damages must be considered to the extent claimed in determining jurisdictional amount. A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir.1991). The motion for remand will be denied.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand (Doc. # 13) is DENIED.

Dated this __4th___ day of September, 2007, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON, Senior U.S. District Judge