UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE U-HAUL CLASS ACTION : <br> TAMMY KOCIENDA, FOR HERSELF : <br> AND AS CLASS MEMBER : <br> : <br> v. : <br> : <br> U-HAUL INTERNATIONAL, INC. and: <br> U-HAUL CO. OF CONNECTICUT : <br> : | CIV. NO. 3:07CV954 (WWE) |

## RULING ON PENDING DISCOVERY MOTIONS

Defendants' Motion to Compel **[Doc. #50]**

This case arises from plaintiff's efforts to cancel her reservation with U-Haul to rent a trailer for one day at a daily rental rate of $29.95. [Amend. Class Action Compl. ¶3]. Upon cancellation of the reservation, U-Haul charged and collected a $50 cancellation fee from plaintiff. Id. ¶¶5-6. Plaintiff and all putative class members allege breach of contract and violation of the Connecticut Unfair Trade Practice Act. Conn. Gen. Stat. §42-110a et. seq. Id. Plaintiff seeks, in part, money damages, interest, injunctive relief, punitive damages and attorneys' fees.

Defendants seek to compel plaintiff Tammy Kocienda and her husband, non-party Jonathan Kocienda, to produce 72 e-mails

1

dating from October 2006 to April 2008, (approximately 50 of which passed exclusively between Mr. Kocienda and Peter Van Dyke, plaintiff's counsel, with the balance of the e-mails including Ms. Kocienda as a recipient along with either Mr. Kocienda or Mr. Van Dyke), and for Ms. Kocienda to appear to complete her deposition in order to answer questions that she refused to answer when defendants deposed her. Plaintiff asserts the attorney-client privilege to the disclosure of the e-mails or deposition testimony.[1] Plaintiff filed a privilege log in response to Requests for Production Nos. 6 & 7 and Subpoena Requests Nos. 5 and 6. Plaintiff represents there are no other responsive documents.

The assertion of the attorney-client privilege is based on the contention that Mr. Kocienda is Ms. Kocienda's personal attorney and, though not counsel of record, provides legal advice to her concerning the case. At her deposition, plaintiff testified that Mr. Kocienda was not acting as her lawyer. She testified that her husband was a "participant" involved in the formation of the alleged contract, a reservation to rent a

---

[1]Plaintiff also asserts that the marital communications privilege applies, but states "this argument is moot in light of the protection afforded under the attorney-client privilege." [Doc. #53 n.5].

trailer, which forms the factual basis for this case. The reservation was made with Mr. Kocienda's credit card in his name.

In opposition to the motion to compel, plaintiff asserts that on multiple occasions, she has sought confidential legal advice from her husband in his capacity as a legal advisor, all of which is protected by the attorney-client privilege. She asserts that any confidential communications among Attorney Van Dyke, plaintiff and Attorney Kocienda are also protected by the attorney-client privilege, because plaintiff authorized Attorney Van Dyke to communicate with Attorney Kocienda, on her behalf, in Attorney Kocienda's capacity as an attorney, and the communications were necessary for Attorney Kocienda to answer her legal questions. Plaintiff further argues that her sworn affidavit submitted in opposition to the motion to compel does not contradict her sworn deposition testimony. Rather, it answers the questions defendants either forgot to ask at her deposition or were afraid to ask because they might not like the answers.[2]

---

[2] Plaintiff asserts that defendants never asked plaintiff,

> (1) whether she ever asked Attorney Kocienda for his legal advice regarding U-Haul's Cancellation Fee at any time on or after October 14, 2006; (2) whether, on her behalf, Attorney Kocienda ever asked Stanger & Arnold, LLP for legal advice regarding the

3

Finally, plaintiff states she has not sought to shield any factual discussions she has had with Attorney Kocienda, or refused to produce documents that relate to the facts or circumstances surrounding the reservations and cancellation of the rental trailer.

Oral argument was held on October 16, 2008. The e-mails listed on the privilege log were submitted for in camera review along with a complete copy of plaintiff's deposition and errata sheet appended to the parties' briefs.

Review of plaintiff's testimony shows that she sought legal advice from her husband, that she authorized her husband to speak to her attorney on her behalf, that she authorized her attorney to speak with her husband, that conversations between plaintiff and her husband were confidential and that she continues to seek

---

>     Cancellation Fee; (3) whether she ever
>     authorized Stanger & Arnold, LLP and Attorney
>     Kocienda to communicate on her behalf
>     regarding this lawsuit, in his capacity as a
>     lawyer, and the reasons for such
>     communications; and (4) the nature, scope,
>     and frequency of other legal advice she has
>     sought from Attorney Kocienda in their
>     personal life, other than the legal advice
>     she has sought about the Cancellation Fee
>     and/or this lawsuit.
>
> [Pl. Let. 10/14/08 at 2].

direction and, on occasion, legal advice from her husband. E-mail correspondence from Attorney Van Dyke was often addressed to both plaintiff and her husband as "Tammy/Jak". The Court takes a broader view of the attorney client privilege then asserted by defendant.

"[A] federal court sitting in diversity must apply the state law to [attorney-client] privilege issues." Uniroyal Chemical Co. Inc. v. Syngenta Crop Protection, 224 F.R.D. 53, 55 n.1 (D. Conn. 2004). "Under Connecticut law , the following test is used to evaluate a party's claims of privilege: (1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived. Id. 224 F.R.D. at 55 (internal quotation marks and citations omitted). "An attorney-client relationship is said to exist when the party divulging confidences and secrets to an attorney believes that he is approaching the attorney in a professional capacity with the intent to secure legal advice." Trinity Ambulance Service, Inc. v. G & L Ambulance Services, Inc., 578 F. Supp. 1280, 1283 (D. Conn. 1984).

Here, Jonathan Kocienda is licensed to practice law in the State of Connecticut. Plaintiff testified accurately that her husband was not representing her in this lawsuit. However, the record is clear that she sought confidential legal advice from her husband on multiple occasions in his capacity as a legal advisor, all of which is protected by the attorney-client privilege.

Plaintiff does not seek to shield factual discussions with her husband Attorney Kocienda, or to protect documents that relate to the facts or circumstances surrounding the reservation and cancellation of the rental trailer. [Doc. #53 at 8-9]. Olson v. Accessory Controls and Equipment Corp., 254 Conn. 145, 157, 757 (2000) ("A communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." (citing Ullmann v. State, 230 Conn. 698, 713 (1994))).

CONCLUSION

Defendants' Motion to Compel is **DENIED** as set forth above. **[Doc. #50]**. Defendants' request for costs and fees is denied.

Defendants' Motion to Strike Plaintiff's Sur-Reply in

6

Further Oppositions to Defendant's Motion to Compel Document Production and Deposition Testimony is **DENIED. [Doc. #60]**.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 20th day of November 2008.

    ___/s/_____
    HOLLY B. FITZSIMMONS
    UNITED STATES MAGISTRATE JUDGE